UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ALAN SALZMAN,

                                **Plaintiff,**                            16-CV-04008 (GBD)(SN)

                 -against-                                **OPINION & ORDER**

**THE TRAVELERS HOME AND MARINE
INSURANCE COMPANY, et al.,**

                                **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

        Defendant Travelers Home and Marine Insurance Company moves under 28 U.S.C. § 1404(a) to transfer this insurance dispute to the United States District Court for the District of Connecticut. Connecticut is the center of gravity in this case—the insured property, the insurer, all witnesses, documents, and other sources of proof are located there. Accordingly, the motion is granted.

**BACKGROUND & DISCUSSION**

        Pro se plaintiff Alan Salzman, a New York resident and attorney, owns property in Southbury, Connecticut. Travelers issued a homeowners insurance policy covering the property. In October 2015, Salzman's Connecticut-based insurance broker Shildneck & Associates notified Travelers of a claim of loss concerning the property. Travelers's Connecticut-based inspectors investigated the claim. Defendant Joseph Juliano, a Connecticut-based Travelers adjustor, also inspected the property with the assistance of a Connecticut-based engineering company. Travelers denied portions of his claim. Salzman filed a complaint with the Connecticut Insurance Department, which opened an investigation but took no action. In April 2016, Salzman

sued the defendants for breach of contract in New York state court, and Travelers removed the case to this Court on the basis of diversity jurisdiction.

Travelers now moves to transfer this case to the District of Connecticut under 28 U.S.C. § 1404(a), arguing that all of the statutory factors weigh in favor of transferring venue. Salzman did not timely oppose the motion. On July 6, 2016, the Court extended Salzman's time to respond and warned him that if he did not respond by July 15, 2016, the Court would consider the matter to be fully briefed. Salzman did not respond, and the Court deems the defendants' motion to be unopposed.

As a preliminary matter, granting a motion to transfer venue is within the authority of a magistrate judge. A magistrate judge may:

> hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). In short, a magistrate judge may grant non-dispositive motions that do not implicate the federal court's jurisdiction to hear a case. "A motion for transfer of venue under 28 U.S.C. § 1404(a) is a non-dispositive motion because it can result only in the transfer of the case to another federal district, not in a decision on the merits or even a determination of federal jurisdiction." Adams v. Key Tronic Corp., 94 Civ. A0535 (MBM), 1997 WL 1864, at *1 (S.D.N.Y. Jan. 2, 1997); see also Anghel v. New York State Dep't of Educ., 15 Civ. 5917 (SJF)(SIL), 2015 WL 7302250, at *1 n.2 (E.D.N.Y. Nov. 18, 2015) (citing cases). Accordingly, the Court will determine this motion by Order rather than by issuing a Report and Recommendation to the Honorable George B. Daniels.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In determining whether to grant a motion to transfer venue, a court considers:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relevant ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks omitted).

Here, the factors favor a transfer to the District of Connecticut. Salzman chose New York as a forum, but no operative fact connects this controversy to this state. The witnesses, relevant documents, sources of proof, opposing parties, and locus of operative facts are all located in Connecticut. Nor does it appear that litigating in Connecticut would pose a hardship to Salzman—his residence in that state is the subject of this lawsuit.

## CONCLUSION

The motion is GRANTED. This action is transferred to the District of Connecticut. The Clerk of Court is instructed to terminate the motion docketed at ECF No. 3, and close this case.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         July 20, 2016

cc:   Alan Salzman (*By Chambers*)
      233 Broadway, Suite 900
      New York, NY 10279